UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY SNOW,

        Petitioner,

v.                                         Case No. 2:08-cv-94
                                         HON. R. ALLAN EDGAR
LINDA M. METRISH,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Larry Snow filed this petition for writ of habeas corpus challenging the validity of his twenty year maximum sentence. Petitioner claims that MCL § 750.145c(2) is unconstitutionally vague. Petitioner was convicted after a plea and was sentenced to a prison term of three to twenty years. Petitioner downloaded and made copies of pornographic images of minors on CD-Rs or video tape. Petitioner claims that he did nothing more than possess child pornography and should not have received a sentence that exceeded four years imprisonment. The court in sentencing petitioner to the twenty year term found that downloading images onto CD-Rs constituted "manufacturing" within the meaning of the statute. Petitioner claims that he should not have been convicted or sentenced to anything other than simple possession.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed a motion to dismiss, asserting that petitioner never raised the constitutional challenge in the Michigan appellate courts. Before this Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.

Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan* and *Anderson*).  To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made.  *See Anderson*, 459 U.S. at 6; *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986); *see also Duncan*, 513 U.S. at 366 (mere similarity of claims is insufficient to exhaust).  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."  *Duncan*, 513 U.S. at 365-66.

Although the most obvious way to alert the state court of a constitutional claim is to cite to the constitution itself, the petitioner need not cite the constitution.  The Sixth Circuit has noted four actions a defendant may take which are significant to the determination whether a claim

has been "fairly presented," "(a) reliance on federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis, (c) assertion of the claim in terms so particular as to call to mind a specific constitutional right, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir. 2000); *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney General*, 696 F.2d 186, 193-94 (2d Cir.1982)); *accord Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995).

Fair presentation has a substantive component and a procedural component. With regard to substance, fair presentation is achieved by presenting the asserted claims in a constitutional context through citation to the Constitution, federal decisions using constitutional analysis, or state decisions which employ constitutional analysis in a similar fact pattern. *Picard*, 404 U.S. at 277-78; *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993). With regard to procedure, "[t]he fair presentation requirement is not satisfied when a claim is presented in a state court in a procedurally inappropriate manner that renders consideration of its merits unlikely." *Black v. Ashley*, No. 95-6184, 1996 WL 266421, at *1-2 (6th Cir. May 17, 1996) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1998)); *see also Long v. Sparkman*, No. 95-5827, 1996 WL 196263, at *2 (6th Cir. April 22, 1996), *cert. denied*, 117 S. Ct. 124 (1996); *Fuller v. McAninch*, No. 95-4312, 1996 WL 469156, at *2 (6th Cir. August 16, 1996).

"There is no requirement that the petitioner cite to cases that employ federal constitutional analysis where he has phrased his claim in terms of a denial of a specific constitutional right." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) (citing *Carter v. Bell*, 218 F.3d 581, 606-07 (6th Cir. 2000)). Further, the fact that the state courts neglected a petitioner's federal claim does not deprive the federal court of jurisdiction. *Newton*, 349 F.3d at 877 (citing *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984) ("[T]he exhaustion requirement cannot turn upon whether a state

appellate court chooses to ignore in its opinion a federal constitutional claim squarely presented in petitioner's brief in state court") (internal quotations omitted)).

> The petition asserts:
>
> I.  The Michigan Statute outlawing the manufacture of child pornography, MCLA 750.145c(2), is unconstitutionally vague as neither the defendant nor any other reasonable person would be on notice that copying images from the internet and storing them would enhance the maximum penalty of four years for possession to a maximum of 20 years for manufacture of child pornography.

Petitioner presented two issues in his delayed application for leave to appeal in the Michigan Court of Appeals:

> I.  Did the defendant merely possess, as opposed to manufacture, child sexually abusive material?
>
> II. Did the trial court err in refusing to correct inaccurate information in the presentence report?

Petitioner maintains that he challenged the constitutionality of MCL § 750.145c(2) in his first argument. Petitioner points to a paragraph in his brief which he argues supports his claim that he made a constitutional challenge to the Act.

> In *Hill*[1], the Defendant was charged with using the internet to download images which were available at various web sites. The Defendant stored the images on the CD-Rs rather than on his computer's hard drive. The Defendant possessed the CD-Rs for his own purposes. He was not involved in the original creation. He had no contact with the children depicted in the images. He did not distribute the images to anyone else. The Defendant submits that no person of average intelligence would have anticipated the interpretation of the statute approved by the Court of Appeals. As argued *supra* and *infra*, this argument is bolstered by the fact that the definitions apply equally to sections c(2), c(3) and c(4). There is thus no reason for a person of reasonable intelligence to conclude that the definitions have anything to do with the severity of the penalty.

---

[1]*People v. Hill*, 269 Mich. App. 505; 715 NW2d 301 (2006).

Application for Leave to Appeal at 4, attached to Docket #12. Petitioner further stated that the court of appeals in *Hill* stated that the statute was not unconstitutionally vague. *Id*. at 5.

Petitioner never asserted a claim that the statute was unconstitutional. Contrary to petitioner's conclusion, it is clear that petitioner presented this argument as a challenge to the interpretation of the statute and not on the constitutionality of the statute. Petitioner argues that because he made a reference to the *Hill* case, he put the Michigan Court of Appeals on notice that a constitutional challenge could be made. Petitioner never made a claim that he was challenging the constitutionality of the statute. Petitioner never cited any federal case law. Petitioner's brief reference to the *Hill* case, in the opinion of the undersigned, did not put the appellate court on notice that he was making a constitutional challenge. In the opinion of the undersigned, petitioner made no constitutional challenge to the statute and never fairly presented this claim to the Michigan Court of Appeals.

Petitioner argues that it would be futile to raise this issue in the Michigan Court of Appeals because it was rejected in *Hill*. Petitioner argues that an exception to the exhaustion requirement should apply because he would not be successful appealing this issue through the Michigan courts. However, in denying reconsideration of the denial of leave to appeal, the Michigan Court of Appeals in *Hill* stated that they would not reconsider the constitutional challenge in *Hill* because it was the law of the case. There is no indication that petitioner would not receive fair consideration on this issue in the Michigan appellate courts. Moreover, it is not clear that petitioner's asserted constitutional challenged is identical to the challenge asserted in *Hill*. Petitioner should first fairly present this issue in a motion for relief from judgment in the Michigan Court of Appeals and exhaust his state appeals before bringing a habeas action in federal court.

Petitioner did present his constitutional challenge in his application for leave to appeal to the Michigan Supreme court. However, presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

Finally, even if petitioner is making the identical challenge asserted in *Hill*, it is the opinion of the undersigned that the claim should be dismissed for the reasons stated in *Hill*. In *Hill* the court clearly explained why the asserted constitutional challenge lacked:

> As indicated in our discussion regarding the issue of statutory construction, the plain language of MCL 750.145c(2) criminalizes the production or making of any child sexually abusive material and the statute specifically defines "child sexually abusive material" to include "any reproduction, copy, or print" of pictures or images depicting children engaging in or appearing to engage in listed sexual acts, MCL 750.145c(1)(h) and (m). Therefore, pursuant to this plain language, when one "makes" a "copy" or "reproduction" of a picture or image showing children engaged in sexual acts, he or she has made child sexually abusive material, which, according to MCL 750.145c(2), is a felony punishable by up to 20 years' imprisonment.

*Id.* at 524.

Accordingly, it is recommended that respondent's motion to dismiss (Docket #6) be granted and the petition be dismissed without prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny petitioner's application on procedural grounds of failure to exhaust. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that petitioner's claim was not properly exhausted. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be

allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 19, 2009